UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT OSTLER,

    Plaintiff,

v.                                                         Case No. 10-C-963

AT&T WISCONSIN,

    Defendant.

---

## ORDER

---

Plaintiff filed this action in Outagamie County Small Claims Court seeking payment of $5,000 resulting from his separation from his employer. According to his *pro se* complaint:

> I am seeking $5,000 based on what the CWA contract states regarding Termination Payments. Per the Union Contract between SBC Midwest and Communication Workers of America District #4 Effective April 4th 2004 through April 4th 2009 Section 26. Employees who leave the company are to receive 1 weeks pay for each year worked. I worked at AT&T from February 2001 through October 2008. As of September 2010 I have not received any payments.

(Dkt. 1, Ex. A.)

The Defendant removed the case to federal court (and now moves to dismiss) on the theory that the claim for payment under a collective bargaining agreement was completely preempted by the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). The Defendant is correct. No matter how a plaintiff styles his complaint, or where he files it, if the substance of the claim is completely preempted by federal law then it is the federal law that governs. It is well established that claims asserting rights under a collective bargaining agreement are completely preempted. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405-406 (1988) ("if the resolution of a

state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles-necessarily uniform throughout the Nation-must be employed to resolve the dispute.") Here, Plaintiff's complaint explicitly bases his claim on § 26 of the collective bargaining agreement. That agreement is the only source of enforceable rights. (Dkt. # 3, Ex. 1.) Accordingly, the small claims complaint (presumably brought as a claim for breach of contract) is completely preempted.

Having established the nature of the claim, it is necessary to address the Defendant's argument that the complaint must now be dismissed. The Defendant asserts that the collective bargaining agreement contains a claims resolution procedure, which includes a grievance and appeals process, mediation, and arbitration. "Federal law governing § 301 claims also includes a general requirement that employees must exhaust grievance and arbitration remedies provided in a collective bargaining agreement before filing suit." *Atchley v. Heritage Cable Vision Associates,* 101 F.3d 495, 501 (7th Cir. 1996). Plaintiff has not attempted to file a grievance or otherwise use these procedures, and he has not responded to the motion to dismiss.

In sum, complete preemption means that the Plaintiff's claim is properly recharacterized as a federal claim and is governed by federal labor law. And because Plaintiff has not exhausted his remedies under the collective bargaining agreement before filing suit, the motion to dismiss is **GRANTED** and the complaint is **DISMISSED**.

**SO ORDERED** this   23rd   day of December, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge